UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHONESAVANE TERESA SOURATHA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CAROLYN W. COLVIN,<br>Acting Commissioner of the<br>Social Security Administration,<br><br>　　　　Defendant. | Case No. ED CV 13-865-PJW<br><br>MEMORANDUM OPINION AND ORDER |

## I. INTRODUCTION

Plaintiff appeals a decision by Defendant Social Security Administration ("the Agency"), denying her application for Disability Insurance benefits ("DIB"). She claims that the Administrative Law Judge ("ALJ") erred when he found at step two that her mental impairment was not severe. For the reasons explained below, the Court finds that the ALJ erred at step two and remands the case to the Agency for further consideration.

## II. SUMMARY OF PROCEEDINGS

In July 2009, Plaintiff applied for DIB, alleging that she had been unable to work since July 2008, due to complications stemming from a car accident. (Administrative Record ("AR") 157-60, 168.) The

Agency denied the application initially and on reconsideration. (AR 75-79, 82-85.) Plaintiff then requested and was granted a hearing before an ALJ. (AR 87, 89-90.) On June 15, 2011, she appeared with counsel and testified at the hearing. (AR 46-68.) The ALJ subsequently issued a decision denying benefits. (AR 24-36.) Plaintiff appealed to the Appeals Council, which denied review. (AR 1-7, 18-19.) She then commenced this action.

### III. ANALYSIS

Plaintiff complained to her doctors that she suffered from, among other things, depression, nightmares, flashbacks, hallucinations, sleep disturbance, anxiety, and panic attacks. (AR 342-43.) Her treating psychiatrist and her primary care physician both concluded that she had severe psychiatric impairments. However, the ALJ determined at step two of the sequential evaluation process that these impairments were not severe. (AR 27-28.) Plaintiff contends the ALJ erred in doing so. For the following reasons, the Court agrees.

Under 20 C.F.R. § 404.1521, a "non-severe impairment" is one that does not significantly limit a person's physical or mental capacity to perform basic work-related functions. The determination that an impairment is "non-severe" is "'a de minimis screening device [used] to dispose of groundless claims.'" *Edlund v. Massanari*, 253 F.3d 1152, 1158 (9th Cir. 2001) (quoting *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996)). Such a finding is appropriate when the "medical evidence establishes only a slight abnormality . . . which would have no more than a minimal effect on an individual's ability to work . . . ." Social Security Ruling 85-28; *see also Bowen v. Yuckert*, 482 U.S. 137, 154 (1987).

1    The record establishes that Plaintiff was involved in an
2 automobile accident in April 2008.  (AR 282-94.)  At the time, she
3 complained of various physical injuries as well as psychological
4 injuries, including PTSD, anxiety, and depression.  (AR 341-44.)  In
5 2010, she sought out the help of psychiatrist Santi Pattara, who
6 diagnosed her with depression, anxiety, anger, paranoia, and
7 hallucinations.  (AR 454.)  Dr. Pattara's view was later confirmed by
8 Plaintiff's primary care physician, Dr. Nguyen.  (AR 478-83.)
9    At the administrative hearing, Plaintiff and her husband
10 testified about her psychiatric condition and the challenges it
11 created.  (AR 51-55, 61-66.)  Despite this testimony and the medical
12 records establishing the existence of a mental condition, the ALJ
13 found that her mental impairment was not severe.  Plaintiff contends
14 that this was error.
15    The evidence tending to establish that Plaintiff suffered from a
16 mental impairment came from her, her husband, and her doctors.  For
17 the most part, the ALJ rejected this evidence.  He found that
18 Plaintiff was not credible and rejected her testimony.  (AR 30-31.)
19 He also rejected her husband's testimony and Dr. Pattara's findings
20 that Plaintiff suffered from severe psychological disorders.  (AR 28,
21 31.)  Plaintiff has not challenged any of these findings.  And,
22 because the reviewing physicians concluded that Plaintiff's mental
23 impairments were not severe, the Court would be inclined to affirm the
24 ALJ's finding that Plaintiff's mental impairment was not severe.  But
25 the ALJ overlooked the findings of treating physician Kevin Nguyen,
26 who concluded in 2012 that Plaintiff suffered from schizophrenia,
27 major depressive disorder, and anxiety.  (AR 476-83.)  The ALJ never
28 discussed Dr. Nguyen or his findings, which he was required to do, and

the Court presumes that he never considered them at step two or any other step in the analysis.  The problem with that oversight is that, all things being equal, Dr. Nguyen's findings were entitled to greater weight than the reviewing physician's because he was a treating physician.  Accepting Dr. Nguyen's finding that Plaintiff suffered from severe mental impairments, the Court must conclude that the ALJ erred in finding that the impairment was not severe at step two.

     The Agency argues that any error committed by the ALJ was harmless because he was required to consider Plaintiff's mental impairments in determining the ultimate issue of disability.  (Joint Stip. at 14-15.)  Though the Court agrees that this is the law, *see Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007); *see also Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1056 (9th Cir. 2006) (noting that an error is harmless if it is "inconsequential to the ultimate non-disability determination."), it does not appear from the ALJ's decision that he took Plaintiff's mental impairments into account after step two, either.  As such, remand is required.[1]

---

[1] Plaintiff has requested that the Court reverse the ALJ's findings and remand the case to the Agency for an award of benefits.  The Court recognizes that it has the authority to do so but finds that this case does not warrant such relief because it is not clear that Plaintiff is entitled to benefits.

IV. CONCLUSION

For the reasons set forth above, the Agency's decision is reversed and the case is remanded for further consideration consistent with this decision.

IT IS SO ORDERED.

DATED: __4/22/14_____      /s/ Patrick J. Walsh

PATRICK J. WALSH
UNITED STATES MAGISTRATE JUDGE

C:\Temp\notesD30550\Memo_Opinion.wpd